UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:05 CV 340 |
| ) | |
| ROY DOMINGUEZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Oscar Guillen, a prisoner confined at the Wabash Valley Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that on October 25, 2002, March 15, 2004, and April 27, 2004, Lake County Jail officials punished him without due process. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under FED. R. CIV. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Guillen brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Guillen alleges that on October 25, 2002, Lieutenant Morris, Sergeants Starkey and Miller, and Custody Officers Luers and Vulcins punished him without due process. Attachments to the complaint establish that Officer Luers wrote a conduct report on October 25, 2002, for interfering with headcount and that officers moved him to another unit later that day.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell*, 746 F.2d at 1229. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. IND. CODE 34-11-2-4

(formerly IND. CODE § 34-1-2-2(1))." *Doe v. Howe Military Sch.*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

  The clerk of this court received the complaint in this case on August 25, 2005. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Because Mr. Guillen signed his complaint on August 3, 2005, his claim that jail officials punished him without due process in 2002 is barred by the statute of limitations. Because defendants Luers, Morris, Miller, and Vulkins are implicated only in this claim, they also must be dismissed.

  Mr. Guillen alleges that defendants Dominguez, Jones, Starkey, White, Peron, Veensra, Gore, and Dragomer violated rights protected by the Fifth Amendment's due process clause, the Fourteenth Amendment's due process clause, and the Eighth Amendment's prohibition against cruel and unusual punishments when they punished him without due process in March and April 2004.

The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F. Supp. 2d 944, 947 (N.D. Ind. 2000). Accordingly, Mr. Guillen's allegations do not implicate the Fifth Amendment's due process clause.

Mr. Guillon states that he was a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id.* Accordingly, Mr. Guillen states no claim upon which relief can be granted under the Eighth Amendment.

As a pretrial detainee, the Fourteenth Amendment's due process clause entitled Mr. Guillen to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995). Not every restriction imposed on a pre-trial detainee, however, constitutes punishment. For example, the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate the due process clause. *Zarnes v. Rhodes,* 64 F.3d 285, 291 & n.5 (7th Cir. 1995); *Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp. 2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause).

Attachments to the complaint establish that on March 15, 2004, Officer Veenstra reported that Mr. Guillen refused Sgt. Starkey's order to secure the door to his room and that "per Sgt. Starkey Inmate Guillen will be placed on 30 minute range until further notice." (Compl. 14.) On April 27, 2004, Officer White reported that Mr. Guillen

4

"threw his shirt at me and waved his penis. Sgt. Peron was notified of the situation. Per Sgt. Peron, Guillen will be locked down for 72 hours. " (Compl. 13.)

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). If placing Mr. Guillen on 30 minute range or locking him down for 72 hours constituted punishment, and if Sgts. Starkey and Peron punished him without due process, the court cannot say that he can prove no set of set of facts consistent with his Fourteenth Amendment due process claim against them.

The attachments to the complaint establish, however, that Officers Veenstra and White did not punish Mr. Guillen. These officers merely wrote down in the jail's logbook what Mr. Guillen did and that Sgts. Starkey and Peron had ordered that actions be taken in regard to him. While the actions ordered by Sgts. Starkey and Peron may constitute punishment without due process, Officers Veenstra and White did not violate the Fourteenth Amendment's due process clause by writing in the jail log what their supervisors had ordered.

Mr. Guillen seeks to sue Sergeant Gore because she is the chairman of the jail disciplinary board. "Ms. Gore is being sued as primary liable tortfeaser for her gross neglect, breach of duties & unlawful wrongful acts." (Compl. 4b.) Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the

plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993). That Sgt. Gore is chairman of the disciplinary board does not make her responsible for other jail officials who may inflict punishment on pretrial detainees without sending them to the prison disciplinary board for a due process hearing.

Mr. Guillen also names jail supervisors Sheriff Dominguez, Warden Jones, and Deputy Warden Dragomer "in there [sic] official capacities as they have made this a practice & custom procedure." (Compl. 5.) An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities may be held liable for damages under § 1983 if a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To prevail on an official capacity damage claim, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). To establish a widespread practice or custom, a plaintiff must establish that officials knew of the problem, yet did nothing to solve it. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001).

6

Mr. Guillen alleges that "these jail officials have a prolonged practice & custom unlawful wrongful policy & procedures to punish detainees the same way they would a convicted prisoner in which constitutes their unlawful outright violations liabilities." (Compl. 4b.) Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Guillen can prove no set of facts consistent with his official capacity damage claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Starkey and Peron for damages in their personal capacities and against defendants Dominguez, Jones, and Dragomer in their official capacities for damages on his claims that he was denied rights protected by the Fourteenth Amendment's due process clause on March 15, 2004, and April 27, 2004;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Luers, Morris, Miller, Vulcans, Veenstra, Gore, and White, and **DISMISSES** all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** defendants Starkey, Peron, Dominguez, Jones, and Dragomer to respond to the complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Starkey, Peron, Dominguez, Jones, and Dragomer, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

**Enter**: January 26, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT