UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| OSCAR GUILLEN, SR., | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 2:05-CV-340-JTM |
| v. | ) | |
| | ) | |
| ROY DOMINGUEZ, ET AL., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case is before the court on a Motion for Appointment of Counsel [DE 33], filed by the Plaintiff, Oscar Guillen, Sr., *pro se*, on September 27, 2006. On October 19, 2006, the Defendants filed a Response/Objection to Plaintiff's Motion for Appointment of Counsel. The Plaintiff did not file a reply and the time to do so has passed.

In his Motion, the Plaintiff requests an order from the Court appointing counsel to represent him because (1) he has a "colorable, bona fide" claim; (2) he is not an attorney and the prison's law clerk provides "no assistance"; and (3) his physical and mental health is "going" and he is "heavily medicated with psychiatric drugs." The Defendants respond that the Plaintiff's Motion fails to demonstrate any "exceptional circumstances" and/or his indigence, which would allow for the discretionary exercise of the appointment of counsel.

There is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of the district courts, *see Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Dep't of Public Aid*,

891 F.2d 1260, 1262 (7th Cir. 1989).  The court should reserve its power to appoint counsel to those cases

> presenting exceptional circumstances as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.

*Haas*, 990 F.2d at 322 (internal quotation and citations omitted).  Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. *See Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987).

In the instant case, the Court finds that the Plaintiff's case does not involve "exceptional circumstances" because of the relative simple issue in the case and the Plaintiff's demonstrated ability to articulate his claim to date.  After careful review, the Court finds that this case is not complex in terms of facts or law, which is bolstered by the Plaintiff's own statement that "this case is common sense from right and wrong... ."  It appears to the Court that the Plaintiff's claim essentially centers on the allegation that, on three separate occasions, prison officials denied the Plaintiff due process before punishing him. Further, the Plaintiff possesses knowledge of the facts of his case, as they are within his personal experience, and, to date, the Plaintiff has articulated his claims quite plainly and has diligently proceeded with the case.  In addition, the Court notes that while, according to his Motion, the Plaintiff's physical and/or mental health may be "going", the Court finds that any such disability that the Plaintiff suffers from has neither interfered with nor prohibited his prosecution of the case. *See Washington v. Deppisch*, No. 05-C-822, 2005 WL 2237597, at *1 (E.D. Wis. Aug. 25, 2005) (finding that while the *pro se* petitioner may have mental health problems, "[the mental health problems] so far do not seem to be interfering with his ability to communicat[e] [sic] with the court").

For the foregoing reasons, the court **DENIES** the Plaintiff's Motion for Appointment of Counsel [DE 33].

SO ORDERED this 2nd day of November, 2006.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATE DISTRICT COURT

cc:   All counsel of record including the Plaintiff, Oscar Guillen, Sr., *pro se*, #950987, New Castle Psychiatric Facility, P.O. Box E. New Castle, Indiana 47362.