UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:05 CV 340 |
| | ) |
| ROY DOMINGUEZ *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Oscar Guillen, Sr., a prisoner committed to the Indiana Department of Corrections, submitted a complaint under 42 U.S.C. § 1983, alleging that his federally protected rights were violated while he was housed at the Lake County Jail. (DE # 1.) The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and allowed him to proceed against defendants Sheriff Roy Dominguez, Sergeant Starkey, Sergeant Peron, Ms. Jones, and Deputy Warden Dragomer on his claims that he was denied rights protected by the Fourteenth Amendment's due process clause on March 15, 2004, and April 27, 2004. (DE # 15.) The court dismissed the remaining defendants and dismissed all other claims. (*Id.*)

Before the court are various motions for summary judgment. Defendants move for summary judgment, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56, on the question of whether Plaintiff exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), and on the merits. (DE # 56.) Plaintiff has filed a cross motion for summary judgment (DE # 60), which the defendants have moved to strike. (DE # 61-62.)

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). RULE 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324. . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Defendants argue that any claims arising from the October 25, 2002, incident should be dismissed because they occurred beyond the statute of limitations. Defendants correctly assert that this claim is beyond the statute of limitations, but their argument is unnecessary. In its January 26, 2006 screening order, the court noted that this claim was beyond the statute of limitations and dismissed it. (DE # 15 at 3.) Plaintiff was given leave to proceed only on the claims arising on March 15, 2004, and April 27, 2004. (DE # 15 at 7.)

Defendants also assert that plaintiff has not demonstrated any evidence that his Eighth Amendment rights were violated. Again, defendants rightly argue that plaintiff states no Eighth Amendment claim, but they do not need to address this claim on summary judgment. The court noted in its screening order that "Mr. Guillen states no

2

claim upon which relief can be granted under the Eighth Amendment," and dismissed that claim. (DE # 15 at 4.)

Finally, defendants assert that plaintiff's remaining claims should be dismissed for failure to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). § 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Perez*, 182 F.3d at 335. Plaintiff does not address exhaustion in his own motion for summary judgment or with any of his other submissions to the court, and has not claimed that he exhausted his administrative remedies regarding his claims that stem from the events on March 15 and April 27, 2004.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in

3

which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez*, 182 F.3d at 534.

In support of this portion of their summary judgment motion, defendants submit the affidavit of Assistant Warden Chris McQullen, in which he states that the Lake County Jail had a grievance procedure in place in March and April of 2004, that the claims plaintiff raises were grievable under this policy, and that plaintiff received copy of the jail handbook outlining the grievance policy. (DE # 58-3.) They also submit portions of plaintiff's deposition in which he admits he received a copy of the jail handbook. (DE # 58-2 at 8-9.) They assert that plaintiff did not submit grievances dealing with the claims that are before the court. (DE # 57 at 12.)

Because defendants have met their initial obligation under RULE 56, the burden falls upon plaintiff to show that he did attempt to use Lake County's grievance procedure to raise the claims he has presented to this court; furthermore, he must present evidence sufficient to allow a factfinder to decide this issue in his favor. *See* Fed. R. Civ. Pro. 56(e) (party opposing summary judgment motion cannot rely on "mere allegations or denials" but instead "must set forth specific facts showing that there is a genuine issue for trial"); *Celotex*, 477 U.S. at 323-24 ("[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses"). In this case, plaintiff has not come forth with admissible evidence that he tried to grieve events that occurred on March 15 and April 27, 2004. Thus, plaintiff has

4

not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor. *See Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (opposing party must show enough evidence to allow a jury to rule in its favor).

Where the court determines that there has been no exhaustion, it must dismiss a claim without considering the merits. *Perez*, 182 F.3d at 535. "[T]he court must not proceed to render a substantive decision until it has first considered § 1997e(a) The statute gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits — which courts must respect if a defendant chooses to invoke it." *Id.* at 536. (emphasis in original). Accordingly, because plaintiff did not exhaust his administrative remedies, the court must deny his motion for summary judgment, and grant defendants' motion.

For the foregoing reasons, the court **GRANTS** defendants' motion for summary judgment (DE # 56), **DENIES** plaintiff's motion for summary judgment (DE # 60), and **DISMISSES** this case without prejudice pursuant to 28 U.S.C. § 1997e(a). The court **DENIES** defendants' motions to strike (DE # 61-64; DE # 69) as moot.

**SO ORDERED.**
ENTER: January 11, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT