UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:05 CV 340 |
| | ) |
| EVELYN RIDLEY-TURNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The court granted summary judgment to the defendants in this case, finding that plaintiff Oscar Guillen did not exhaust his administrative remedies. Guillen filed a motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, which the court denied. This matter is now before the court on plaintiff's subsequent motion to alter or amend judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Citations omitted).

The court granted summary judgment to the defendants because Guillen did not exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim

regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), citing *Porter v. Nussle*, 534 U.S. 516 (2002).

Guillen first asserts that he was a pretrial detainee when he filed his complaint in this case, and therefore he was not a prisoner within the meaning of § 1997(e). Guillen presented this meritless argument in his Rule 59 motion, which the court denied because Section 1997(e)(h) defines the term prisoner to include pretrial detainees.

> As used in this section, the them "prisoner" means any person incarcerated or **detained in any facility who is accused of**, convicted of, sentenced for, or adjudicated delinquent for, **violations of criminal law** or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C.§ 1997e(h) (emphasis added).

As a pretrial detainee, Guillen was detained in a facility accused of violations of criminal law. Accordingly, he was a prisoner within the meaning of § 1997(e), and the exhaustion requirement created by that statute applied to him.

Guillen also asserts that the Supreme Court "did not intend that an "exhaustion" requirement be applied to section 1983 suits seeking "damages," nor has the court applied it to damage claims . . .. " (DE 76, p. 3, citing *Wolff v. McDonnell*, 418 U.S. 530 (1974), a case that predates the PLRA by nineteen years.) (Emphasis in original). The United States Court of Appeals for the Seventh Circuit has held that:

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted).

Accordingly, that Guillen sought damages in his § 1983 complaint does not excuse him from exhausting his administrative remedies.

Next, Guillen cites several cases for the proposition that as a general rule there is no exhaustion requirement a plaintiff needs to meet before filing a § 1983 action, and argues that the Prison Litigation Reform Act ("PLRA") "is an anti-Prisoner statute with the same '**discriminatory**' scheme of the federal statute of the § 1997(e) and is Illegally constitutionally 'un-firm.'" (DE 76, p. 5) (Emphasis in original). But the United States Court of Appeals for the Seventh Circuit upheld the constitutionally of the exhaustion requirement of § 1997(e) in *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997).

Guillen next argues that even if the exhaustion requirement is constitutional and apples to pretrial detainees, the court should not have granted the defendants summary judgment because "he was not able to obtain a grievance form & therefore no prison &/or jail administrative remedy is 'available.'" (DE 76, p. 7) (Emphasis in original). There is, however, no evidence in the record to support this claim; and he does not present an affidavit or other admissible evidence for this proposition along with his Rule 60(b) motion.

3

Newly discovered evidence is one of the grounds upon which relief can be granted in a Rule 60 motion. (Rule 60(b)(2)). But the newly discovered evidence must be "evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." (*Id.*). Because if Guillen had been unable to obtain a grievance form while he was at the jail, he would have known that fact before he filed his Rule 59(b) motion — indeed, he would have known of that fact before he responded to the defendants' motion for summary judgment, Guillen's belated claim that he was unable to timely obtain a grievance form does not constitute newly discovered evidence that would justify setting aside the judgment in this case.

Finally, Guillen argues that he wrote a letter of complaint to the Jail Warden, which should be considered as a grievance. But Guillen presented this claim in his Rule 59(b) motion, and the court rejected it, noting that:

> Exhibit J establishes that Guillen wrote to a jail official about having been placed in segregation without a hearing. But complaining to jail officials verbally or in writing outside the formal grievance procedure does not constitute the functional equivalent of filing a formal grievance, nor would it excuse him from filing a grievance.
>
> * * *
>
> Neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, any verbal or written complaints Guillen may have made about being placed in segregation *sans* hearing do not constitute the functional equivalent of filing a grievance and do not excuse him from following the jail's administrative grievance by filing a formal administrative grievance.

(DE 75, pp. 4-5).

4

The movant has not clearly established any of the grounds contained in Fed. R. Civ. P. 60(b) justifying relief from judgment. Accordingly, the court **DENIES** the plaintiff's motion to reconsider the entry of judgment against him (DE 75).

**SO ORDERED.**

ENTER: August 10, 2009

       s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT